UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAKIMA KING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:12CV696SNLJ |
| UNION STATION HOLDINGS, LLC and IPC INTERNATIONAL CORP., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff originally filed this multicount action in the St. Louis City Circuit Court arising from an incident at Union Station in St. Louis City in which plaintiff and a companion were allegedly observed involved in illegal drug activity on the premises. Defendants removed this cause of action to federal court on April 19, 2012 on diversity grounds. This matter is before the Court on the defendants' motion to dismiss Count V (defamation) of the plaintiff's complaint [9], filed April 26, 2012. Responsive pleadings have all been filed and this matter is now ripe for disposition.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)(abrogating the

prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 550 U.S. at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. Cole v. Homier Distributing Co., Inc., 599 F.3d. 856, 861 (8th Cir. 2010)(*citing* Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937. 1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.(internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present

evidence in support of that claim.  A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 550 U.S. at 556; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.")  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d. 866, 870 (8th Cir. 208).  Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, -U.S. -, 129 S.Ct. 1937. 1950 (2009)(*quoting* Twombly, 550 U.S. at 555).  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. at 1950.  With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

In Count V of the plaintiff's complaint, she "incorporates by reference each and every allegation" in the preceding paragraphs of her seven (7) count complaint.  These allegations, as relevant to the instant motion, include defendants "publicly accuse[d] her of utilizing illegal drugs on the premises, without any factual basis whatsoever, on the basis only that she was sitting and conferring with another African American person;" a security guard approached plaintiff and her companion and asked them "are you guys over here rolling up marijuana?" and that "false allegations were reported to Plaintiff's employer."  Plaintiff's Complaint [8- Exhibit A], ¶¶1, 16, and 48.  Defendants contend that these allegations are insufficient to meet federal

and Missouri standards for pleading defamation. Plaintiff simply references various assertions in her complaint and states that they meet applicable pleading standards.

In Missouri, the elements of defamation are 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) is false, 5) is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. Fisher v. Wal-Mart Stores, Inc., 619 F.3d. 811, 820 (8th Cir. 2010); State of Missouri ex.rel. BP Products North America, Inc. v. Ross, 163 S.W.3d. 922, 929 (Mo. 2005); The Fireworks Restoration Co., LLC v. Hosto, et. al., 371 S.W.3d 83, 87 (Mo.App. 2012). Proof of actual harm to the plaintiff's reputation is an absolute prerequisite in a defamation action. Cockram v. Genesco, Inc., 680 F.3d. 1046, 1053-54 (8th Cir. 2012); Kenney v. Wal-Mart Stores, Inc., 100 S.W.3d. 809, 817 (Mo. 2003); The Fireworks Restoration Co., at 87 (*citing* Kenney, *supra.*). "To demonstrate actual damages [in Missouri], plaintiffs must show that defamatory statements caused a quantifiable professional or personal injury, such as interference with job performance, psychological or emotional distress, or depression." Cockram v. Genesco, Inc., at 1054 *quoting* Arthaud v. Mut. Of Omaha Ins. Co., 170 F.3d. 860, 862 (8th Cir. 1999). Whether language is defamatory and actionable is a question of law. Fisher v Wal-Mart Stores, at 820; Scott v. BJC Behavioral Health, 2011 WL 2899141, *3 (E.D.Mo. July 20, 2011); Duran v. Andrew, 2010 WL 1936026, *6 (E.D.Mo. May 11, 2010). "In Missouri, whether language is defamatory and actionable is a question of law to be determined by the court, and the court must determine whether a statement claimed to be slanderous is reasonably capable of defamatory meaning." Fisher v. Wal-Mart Stores, at 820 *quoting* Rockwood Bank v. Gaia, 170 F.3d. 833, 841 (8th Cir. 1999). In order to make this determination, a court must decide "whether the communication reasonably conveyed the meaning ascribed to it by plaintiff, and if

4

so, whether the meaning was defamatory in character." Fisher v. Wal-Mart Stores, at 820 *quoting* Rockwood Bank, *supra.*

Under Missouri law, a plaintiff must set forth specifically in his/her complaint the words and/or statements which are alleged to be defamatory. *See*, Nazeri v. Missouri Valley College, 860 S.W.2d. 303, 313 (Mo. 1993); The Missouri Church of Scientology v. Adams, 543 S.W.2d. 776, 777 (Mo. 1976)(a petition seeking recovery for libel must state in the petition the exact words or statements alleged to be libelous); Shurn v. Monteleone, 769 S.W.2d. 188, 191 (Mo.App.1989)(in order to state a cause of action for libel or slander, plaintiff must allege the specific words which are alleged to be defamatory); Angelina Casualty Co. v. Pattonville-Bridgeton Terrace Fire Protection District, 706 S.W.2d. 483, 485 (Mo.App. 1986)("In order to state a claim for libel or slander the specific words claimed to be defamatory must be alleged in the petition or complaint."); *see also*, Thomas v. St. Louis Board of Education, 933 F.Supp. 817, 822 (E.D.Mo. 1996)(*citing* Shurn, *supra.*); Mitan v. Osborn, 2011 WL 4352550, *3 (W.D.Mo. Sept. 16, 2011)(cites Nazeri, *supra.* and Missouri Church of Scientology, *supra.* in a libel action in which the Court held that Missouri law required "a plaintiff complaining of defamation must specifically set forth in the complaint the words which are alleged to be defamatory.")

Missouri law prior to 1993 held that regardless of whether the cause of action was one for libel or slander, the plaintiff had to allege in the petition the exact word or statements alleged to be defamatory. However, in 1993, the Missouri Supreme Court in Nazeri, *supra.* made a distinction as to the degree of specificity required based upon whether the action was one for libel or slander. The Court found that the rule of requiring the plaintiff to cite the exact words in the petition; i.e., the plaintiff must make the allegations *in haec verba*, "is strictly applicable only to libel and not to slander." Nazeri, at 313 *citing* Lorenz v. Towntalk Publishing Co., 261

S.W.2d. 952, 953 (Mo. 1953). The Court reasoned that due to the various methods of publishing a libelous statement (writing, printing, broadcast, or electronic communication) it "is not unreasonable to expect a verbatim reproduction of the offending statement to assist the court in determining whether it is capable of defamatory meaning." Id., at 313.

However, the Court determined that because slander "consists by definition of mere fleeting speech," all that was required in the petition "is that there 'be certainty as to what is charged' as the slander." Id., at 313 *quoting* Lorenz, at 954.

In the instant case, plaintiff's Count V fails to meet Missouri's pleading standard under either libel or slander. In Count V, plaintiff simply incorporates by reference her prior allegations. She then asserts that the "aforementioned allegations were false and malicious and subjected Plaintiff to public humiliation and damage to reputation." Plaintiff's Complaint [8], ¶47. She further alleges:

> In addition, the accusation was reported to Plaintiff's employer, the St. Louis Metropolitan Police Department, who then ordered her to account for the incident.

Plaintiff's Complaint [8], ¶48.

Firstly, nowhere in her complaint, does plaintiff identify the manner in which "the accusation" was "reported" to her employer. Count V is completely devoid of any indication as to whether "the accusation" was communicated in writing via a letter, report, or even an e-mail or whether it was communicated orally via the telephone or in person. Secondly, nowhere in Count V is it remotely indicated who communicated "the accusation" and/or when this communication took place.

Finally, there is no specificity whatsoever as to "the accusation" that was allegedly communicated. In her complaint, plaintiff appears to make at least two (2) assertions of

6

allegedly defamatory statements: 1) she was asked by security personnel "Are you guys over here rolling up marijuana?" and 2) she and her attorney were accused of violating St. Louis Union Station's "loitering policy." Plaintiff's Complaint [8], ¶¶16 and 24. Which of these accusations was "reported" to plaintiff's employer?

Whether or not plaintiff's Count V is a libel or slander cause of action, Count V still fails to meet the specificity requirements for pleading either. She fails to specifically set forth the words and/or statements alleged to be defamatory; and fails to provide the specificity necessary to provide the "certainty as to what is charged."

Furthermore, Count V fails to meet federal pleading standards. Although federal courts require only notice pleading, a plaintiff must still plead the substantive requirements of state law. Although detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and a "formulaic recitation of the elements of a cause of action" is not sufficient. *See*, Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 129 S.Ct. at 1949. Here, Count V does nothing more than merely recite a reference to her generalized "aforementioned allegations" and boilerplate language and legal conclusions that these "aforementioned allegations" were "false and malicious." Again, she further fails to provide any factual support as to the manner in which these "aforementioned allegations" were "reported" to her employer. Plaintiff has failed to state a claim upon which relief can be granted because she has failed to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Defendant further contends that Count V fails to allege any facts showing damage to her reputation. In Count V, plaintiff asserts that "[T]he implications of these accusations, however false, could ultimately endanger Plaintiff's employment, future promotions/assignments and therefore lead to future financial damage." Plaintiff's Complaint [8], ¶48. She then goes on to

provide a list of her alleged injuries including but not limited to: pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, loss of enjoyment of life, damage to reputation. Plaintiff's Complaint [8], ¶49.

"Proof of actual reputational harm is an absolute prerequisite in a defamation action." Cockram v. Genesco, at 1053-54; Kenney v. Wal-Mart Stores, at 817; The Fireworks Restoration Co., at 87; Scott v. BJC Behavioral Health, 2011 WL 2899141, at *3 (*quoting* Kenney, *supra.*). "To demonstrate actual damages [in Missouri], plaintiffs must show that defamatory statements caused a quantifiable professional or personal injury, such as interference with job performance, psychological or emotional distress, or depression." Cockram, at 1054 *quoting* Arthaud, at 862; Kenney, at 816.

Defendant contends that the "damages" alleged by plaintiff are nothing more than conclusory statements without any factual support. She alleges, without any factual support, that her reputation and future pecuniary interests have been damaged by the defendant's "aforementioned allegations." The Court concurs, and finds moreover, that plaintiff's damages are speculative and nothing more than conjecture; she simply asserts that due to the "aforementioned allegations," she may suffer at some future point in time a negative consequence with regard to her employment. She makes only conclusory statements that these "accusations" were "false and malicious," and provides formulaic claims that she has suffered "damage to her reputation," that she has suffered "embarrassment," and that she has suffered all manner of emotional distress.

Plaintiff failed to address in any manner whatsoever the defendant's contention that Count V fails to allege the necessary prerequisite of "actual reputational harm." Given the

8

insufficiency of Count V to allege damage for defamation, and the plaintiff's failure to offer any counterargument, the Court finds that Count V fails to state a cause of action upon which relief can be granted.

Finally, defendant contends that Count V should be dismissed because plaintiff failed to sufficiently plead malice to overcome the applicable "qualified privilege" defense. Under Missouri law, there are three (3) general types of defenses to a defamation action, one being "qualified privilege." *See*, Henry v. Haliburton, 690 S.W.2d. 775, 779 (Mo. 1985); Rucker v. K-Mart Corp., 734 S.W.2d. 533, 535 (Mo.App. 1987). A communication is entitled to qualified privilege protection if it is made in good-faith upon a subject matter which the declarant has an interest or in reference to which he has a duty, to a person having a corresponding interest or duty, even though it contains matter which absent such privilege would be actionable as defamatory. Rice v. Hodapp, 919 S.W.2d. 240, 244 (Mo. 1996). Whether a qualified privilege exists is a matter of law to be decided by the trial court. Rice, at 244.

Once a court has determined that qualified privilege exists, the plaintiff bears the burden of establishing express or actual malice to overcome the privilege. Decker v. O'Reilly Automotive, Inc., 31 S.W.3d. 6, 16 (Mo.App. 2000); Rucker, at 535; *see also*, Hardge-Harris v. Pleban, 741 F.Supp. 764, 773 (E.D.Mo. 1990).

Although the parties do not appear to dispute that the "accusations" (whatever they may be) were made by security personnel to law enforcement officials regarding allegedly criminal behavior, and therefore, qualified privilege exists; the parties do dispute whether plaintiff has sufficiently plead "actual malice."

Given that Count V clearly fails to set forth a proper claim for defamation (whether libel or slander), and fails to plead in any manner "actual reputational harm," the Court finds no need

9

to further examine in detail whether plaintiff has adequately plead "actual malice." Suffice it to say that plaintiff's argument that she has sufficiently plead "actual malice" in Count V because she states that the "aforementioned allegations" were "false and malicious" is again a formulaic recitation of the boilerplate elements of a defamation action. Furthermore, her contention that she had shown such malice by alleging that she was accused of using illegal drugs because she is African-American and was talking to another African-American is again a legal conclusion factually unsupported.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count V [9], filed April 26, 2012 be and is **GRANTED.** Count V of the plaintiff's complaint is hereby dismissed with prejudice in its entirety.

Dated this <u>30th</u> day of October, 2012.

                                                     UNITED STATES DISTRICT JUDGE